UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION, | NO:  12-CV-3117-TOR |
| Plaintiff, | PROTECTIVE ORDER |
| MARTIN BARRERA, | |
| Plaintiff-Intervenor, | |
| v. | |
| ROY FARMS, INC., | |
| Defendant. | |

BEFORE THE COURT is a Stipulated Protective Order (ECF No. 29), which the parties have petitioned the Court to enter.  Pursuant to the parties' stipulation, **IT IS HEREBY ORDERED:**

1.     **Scope and Purpose of this Protective Order**. This Protective Order shall govern the designation and handling of protected information or materials produced by any party or non-party during this litigation, whether by voluntary

PROTECTIVE ORDER ~ 1

production or disclosure or in response to any formal discovery procedure,

including designation and handling of nonpublic information of a confidential

nature. This Protective Order does not affect any party's obligations under the

Federal Rules of Civil Procedure to produce documents as required by the rules of

discovery or an order of the Court. The purpose of this Protective Order is to

facilitate the handling of nonpublic information of a confidential or proprietary

nature.

1.1.    If a designating party files a "Confidential" document (defined below)

in court and does not attempt to file it under seal, or if a document is otherwise

already part of the public record as of the entry of this Order, the document(s) in

question will not be subject to this protective order. The mere filing of the

"Confidential" document by the non-designating party does not remove the

document from the protection of this order. Although it is anticipated that the

parties filing documents will comply with the terms of this Protective Order, if a

non-designating party files a document marked "Confidential" by the non-filing

party, the non-filing party may seek appropriate relief from the Court to ensure

protection under this order.

2.    **Confidential Information or Material**. A  Producing Party shall

have the right to designate documents and information it produces as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order and materials designated as such will be referred to as "Designated Materials."

2.1 CONFIDENTIAL. Materials marked "CONFIDENTIAL" shall be those materials including any document, file, portion of file, transcribed testimony or other material that the designating party in good faith reasonably believes contain non-public information of a competitively sensitive, proprietary, financial, or trade secret nature , or to involve privacy interests such as:

a.  Personnel records pertaining to any current or former employee of Defendant Roy Farms, Inc. (hereafter, "Defendant") that contain personal, payroll or financial information. Good cause exists to protect the privacy rights of Defendant's current and former employees. These files include these individuals' personal identifying information and financial account information. No public interest is served by requiring public disclosure of an individual's private and personal information in a matter in which he or she is not a party. The Court's June 1, 2002, General Order regarding "Electronic Availability of Case File Information" specifically contemplates the protection of such personal information.

b. Medical records and healthcare information pertaining to any individual. Good cause exists to protect the highly sensitive and private

PROTECTIVE ORDER ~ 3

nature of medical records. No public interest is served by making sensitive and private medical records publicly available.

2.2  HIGHLY CONFIDENTIAL- ATTORNEYS EYES ONLY. Materials marked "HIGHLY CONFIDENTIAL" shall be those materials, including any document, file, portion of file, transcribed testimony or other material that the designating party in good faith reasonably believes (1) to comprise non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve privacy interests and (2) that disclosure of such information to opposing parties or other persons may be detrimental.

3.    **Designating Protected Documents.**  A Producing Party shall designate information and/or records as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"  by marking the applicable designation thereon in a size and location which makes the designation readily apparent.  These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case.

3.1.    **Marking Protected Documents**:  Protected documents, excluding transcripts from depositions or other court proceedings, shall be designated as confidential by conspicuously affixing the word "CONFIDENTIAL"  or

PROTECTIVE ORDER ~ 4

"HIGHLY CONFIDENTIAL" to each page containing confidential information. If only a portion, or portions, of the protected document qualifies for protection, the designating party also must clearly identify the protected portion(s) (*e.g.*, making appropriate notions in the margins).

3.2. **Designating Deposition Testimony or Testimony Given During Other Court Proceedings**:  Testimony given during a deposition, hearing, or other proceeding may be designated as "Confidential" pursuant to Paragraph 2 of this Protective Order. The parties, however, must designate such testimony as "Confidential" on the record at the deposition, hearing, or other proceeding. When confidential information is designated on the record at a deposition, the party claiming that the testimony is confidential shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "Confidential" and to bind separately such pages as "Confidential." Any party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as "Confidential." The transcript will remain confidential during this 15-day period. Unless designated as confidential or highly confidential, any confidentiality will be waived after the 15-day designation period expires.

3.3. **Inadvertent Failure to Designate**:  If a party discovers that, through inadvertence, documents containing "Confidential" or "Highly Confidential"

information or materials have been provided to the opposing party without being

properly designated under this Protective Order, the producing party shall promptly

notify the receiving party in writing of the error. The notification shall identify the

documents or information (*e.g.*, by Bates Stamp number or some other specific

form of identification), and the receiving party shall affix a stamp identifying each

document or item of information so identified as "CONFIDENTIAL" unless the

parties agree that some other procedure for remedying the inadvertence is more

appropriate under the circumstances. If timely corrected, an inadvertent failure to

designate confidential information or materials does not, standing alone, waive the

designating party's right to claim protection under this Protective Order for such

information or materials.

4.    **Maintaining Designated Protected Documents**:  Any protected

document must be maintained in a manner reasonably calculated to preserve its

confidentiality.

5.    **Disclosure of Confidential Information or Materials**

5.1.    Except as set forth herein or by any subsequent court order, no

confidential or highly confidential information or materials may be delivered,

exhibited, or disclosed to any persons unless done in a manner in compliance with

this Protective Order.

PROTECTIVE ORDER ~ 6

5.2.    The parties' counsel shall require all persons, except those referred to in paragraph 5.3 and its subparts, before being given access to any protected document, to read and agree to be bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

5.3.    Confidential information or materials may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

  5.3.a.    Counsel representing the named parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

  5.3.b.    Any copying services hired by counsel to copy documents in bulk;

  5.3.c.    The Court or any court personnel;

  5.3.d.    Any person testifying during a deposition, hearing or trial, to whom disclosure is reasonably necessary;

  5.3.e.    Any person identified as having authored or having previously received the protected document(s);

  5.3.f.    The parties and their client representatives, insurance carriers, and/or counsel for their insurance carriers for any purpose in this litigation, unless the parties agree that a

particular document or material produced is for Attorney's Eyes Only and is so designated;

5.3.g.   Current or former employees or agents whose review a party deems necessary to the presentation or defense of claims in this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

5.3.h.   A Mediator(s) retained by the parties;

5.3.i.   Consulting experts, consultants, or expert witnesses or employees of such experts and consultants whose review a party deems necessary to the presentation or defense of claims in this litigation;

5.3.j.   The author of the document and anyone shown on the document as having received it in the ordinary course of business;

5.3.k.   Court reporters and persons preparing transcripts of depositions;

5.3.l.   The Court, Court personnel, and jurors or venire members;

5.3.m.    Any other person only upon order of the Court or upon stipulation of the Producing Party in writing or on the record of a deposition, hearing, or trial.

5.4.    Highly Confidential information shall be used by the Receiving Party solely for the purposes of this litigation and may be disclosed only to the following persons:

5.4.a.    counsel for the respective parties, and employees and independent contractors for counsel that are engaged in work necessary to assist in this litigation;

5.4.b.    third-party experts or consultants, and the employees of such expert and consultants who are assisting them, engaged by counsel or a party to assist in this litigation who have signed a written acknowledgement, in the form attached;

5.4.c.    the author of the document and anyone shown on the document as having received it in the regular course of business;

5.4.d.    employees of the Producing Party;

5.4.e.    Court reporters and persons preparing transcripts of depositions;

5.4.f.    the Court, Court personnel, and jurors or venire members;

5.4.g.    any designated arbitrator or mediator who is assigned to hear this matter or who has been selected by the parties and his or her staff ;

5.4.h.    Any other person only upon order of the Court or upon stipulation of the Producing Party in writing or on the record of a deposition, hearing, or trial.

5.5.    The persons described in Paragraphs 5.3 and 5.4 shall have access to Designated Materials once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed ACKNOWLEDGEMENT. Such persons are enjoined from disclosing Designated Material to any person except in conformance with this Order. This Order does not require disclosure of expert other than as required by the Federal Rules of Civil Procedure.

5.6.    **Filing Confidential Information or Materials**.    Before filing any document designated as Confidential under this Protective Order or referencing such material in court filings, the filing party shall first confer with the designating party to determine whether the designating party will remove the "Confidential" designation, whether the document can be redacted pursuant to the Administrative Procedures for Electronic Case Filing in Civil Cases (ECF Version 5.0) for the United States District Court for the Eastern District of Washington and Federal

Rule of Civil Procedure 5.2, or whether a motion to seal or stipulation and proposed order is warranted. If counsel cannot reach an agreement, then a properly noted motion to seal must be filed *before or contemporaneously* with the sealed document. If the party wishing to submit the material is not the party designating the material as confidential, the party wishing to submit the material shall provide at least five (5) days notice to the other parties, so that a motion to seal, if necessary, may be prepared and filed *before or at the same time* the material is to be submitted under seal to the Court. If a motion to seal is filed but not ruled on prior to the filing or use of the designated materials, the designated materials must be filed "CONDITIONALLY UNDER SEAL" pending a ruling on the motion to seal.

        5.6.a.     Counsel shall use the Case Management and Electronic Document Filing ("CM/ECF") system to present materials under seal; counsel shall not provide original sealed materials to chambers and shall not provide working copies to chambers unless the materials are voluminous and working copies would otherwise be required under Local Rule 5.1. In association with any stipulation or motion to seal filed by the designating party, the designating party shall bring to the Court's attention the requested disposition of the confidential

documents in the event the stipulation or motion is denied. For example, the designating party may request that, in the event the stipulation or motion is denied, the documents containing confidential information be deleted from the docket rather than merely unsealed, together with leave to file a new motion or other paper that does not rely on the confidential material. Nothing in this Protective Order or the above example shall be construed as an endorsement of any particular relief, nor shall it otherwise constrain the Court's authority with respect to the handling of confidential documents or information.

5.6.b.    The parties shall meet and confer before the Pretrial Conference to attempt to reach an agreement about the confidentiality of information to be used at trial and a method for maintaining the confidentiality of such information. At the Pretrial Conference, the parties may present, by motion or stipulation, a proposed method for maintaining confidentiality. Nothing in this paragraph, however, shall be construed as constraining the Court's authority to treat trial exhibits and testimony as matters of public record.

6.    **Designating Party's Use of Protected Documents**:  Nothing in this Protective Order limits a designating party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

7.    **Disputes About Confidentiality Designation**

7.1.    **Meet and Confer Requirement**: The parties agree to designate information as "Confidential" on a good faith basis and not to impede the receiving party's access to and use of information relevant to the lawsuit. If any party believes that a document, tangible item or other information that has been designated as "Confidential" is not entitled to be treated as "Confidential," the party will notify the designating party of its objection to the "Confidential" designation. The parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, tangible item or information within five (5) business days after the objecting party has advised the designating party of its objection.

7.2.    **Motion for Protective Order**: If the objection is not resolved, and if the objecting party notifies the designating party in writing of its intent to disclose the information as well as the person and/or entity to whom it intends to make such disclosure, then the designating party shall have five (5) business days after receipt

of such written notification to file a motion to have the document or information treated as "Confidential;" if such motion is not timely filed, then the objecting party may, for purposes of this case only, make the indicated disclosure.

7.3. **Status Pending Resolution of Dispute**:  Any disputed document or other material must be treated as a protected document under this Protective Order until entry of a court order ruling otherwise.

8. **Inadvertent Production of Privileged or Otherwise Protected Material**:  When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

9. **Non-Termination and Return of Documents**:  Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

9.1.    Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

9.2.    Notwithstanding the foregoing, nothing in this Order shall be interpreted as limiting or overriding the EEOC's obligation to maintain copies of files pursuant to the Federal Records Act or other applicable federal law.

10.    **Rights of Parties**:  This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

11.    **Jurisdiction**:  The Court retains jurisdiction to make any amendments, modifications, or additions to this protective order as it deems appropriate, either *sua sponte* or upon motion.

//

//

//

//

//

PROTECTIVE ORDER ~ 15

1    **IT IS SO ORDERED.**

2        The District Court Executive is hereby directed to enter this Order and

3    provide copies to counsel.

4        **DATED** November 13, 2013.

5

6    
THOMAS O. RICE
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

PROTECTIVE ORDER ~ 16

1

2

**EXHIBIT A**

3

I, _____, declare under penalty of

4

perjury that I have read and understand the Stipulated Protective Order issued in

5

United States District Court for the Eastern District of Washington in the case

6

titled *EEOC et al. v. Roy Farms, Inc.,* , CV 12-3117-TOR. I agree to comply with

7

and be bound by all the terms of this Stipulated Protective Order and I understand

8

and acknowledge that failure to so comply could expose me to sanctions and

9

punishment in the nature of contempt. I further understand that any protected

10

document and any notes, memoranda or other form of information derived from it,

11

may not be used, copied or disclosed by me to anyone else except in strict

12

accordance with the Stipulated Protective Order and then only for the prosecution

13

and defense of this litigation.

14

I further agree to submit to the jurisdiction of the United States

15

District Court for the Eastern District of Washington for the purpose

16

of enforcing the terms of this Stipulated Protective Order, even if such

17

enforcement proceedings occur after termination of this action.

18

Date: _____

19

City and State where sworn and signed: _____

20

Printed Name: _____

Signature: _____

PROTECTIVE ORDER ~ 17