UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION,<br><br>    Plaintiff,<br><br>MARTIN BARRERA,<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>ROY FARMS, INC.,<br><br>    Defendant. | NO: 12-CV-3117-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT are Plaintiff's Motion for Protective Order re: Deposition of EEOC Investigator (ECF No. 33) and Motion to Expedite (ECF No. 36). These matters were submitted for consideration on an expedited basis without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 1

## DISCUSSION

The EEOC has moved for a protective order prohibiting Defendant from deposing its investigator, Omar Verduzco, on Friday, January 3, 2014. The EEOC argues that a deposition of Mr. Verduzco is inappropriate because (1) it has already disclosed all non-privileged information contained in Mr. Verduzco's investigative file; (2) questioning of Mr. Verduzco would invade the "governmental deliberative process privilege"; and (3) any potential benefit Defendant might obtain from deposing Mr. Verduzco is outweighed by the burden on the EEOC and its staff.

Defendant seeks to depose Mr. Verduzco "for limited and specific purpose of clarif[ying] factual issues in the investigative file he created." ECF No. 40 at 10. Specifically, Defendant seeks to clarify (1) inconsistencies between the deposition testimony of two class members and one fact witness and statements attributed to them in Mr. Verduzco's interview notes and conciliation letter; and (2) "internal inconsistencies and ambiguities between representations made by Mr. Verduzco during the conciliation process and the investigative records he authored." ECF No. 40 at 5. Defendant asserts that these inconsistencies are "material" to its case because they call into question the accuracy of the EEOC's evidence and/or the credibility of its witnesses. *See* ECF No. 40 at 5 ("[E]ither Mr. Verduzco's notes are correct, in which case there are significant questions about

witness credibility [that Defendant] will present to the jury at trial, or they are incorrect, raising doubts about the EEOC's investigative files.").

  The EEOC's objections to the taking of Mr. Verduzco's deposition are not well-taken. Although the EEOC previously disclosed the non-privileged portions of Mr. Verduzco's investigative file, recent events have raised questions about the accuracy of the information contained therein. Defendant is entitled to question Mr. Verduzco about any potential inaccuracies in his investigative materials. *See EEOC v. Calif. Psychiatric Transitions*, 258 F.R.D. 391, 397 (E.D. Cal. 2009) (allowing deposition of EEOC investigator for the purpose of "clarifying factual information contained in the EEOC's investigative file"); *EEOC v. Swissport Fueling, Inc.*, 2012 WL 1648416 at * 13 (D. Ariz. 2012) ("[T]he Ninth Circuit explicitly provides for inquiry into the adequacy of EEOC investigations.") (citing *Plummer v. W. Int'l Hotels, Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981)); *EEOC v. Presrite Corp.*, 2012 WL 4434055 at * 4 (N.D. Ohio 2012) (holding that defendant was entitled to question EEOC investigator about "the actual facts [she] found during her investigation").

  Contrary to the EEOC's assertions, questions concerning potential factual inaccuracies in Mr. Verduzco's records do not implicate the deliberative process privilege. The deliberative process privilege protects from disclosure "advisory opinions, recommendations and deliberations comprising part of a process by

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 3

which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quotation and citation omitted). The purpose of the privilege is to "enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Id.* at 9 (quotation and citation omitted). The privilege does not extend to "[p]urely factual material" that does not reflect a government agency's deliberative processes. *F.T.C. v. Warner Commc'n, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Given that the information that Defendant seeks to obtain is strictly factual, the deliberative process privilege is not implicated. In the event that Defendant deviates from its proposed line of questioning into areas that may implicate the privilege, the EEOC is free to interpose an objection at that time.

Finally, the Court is not persuaded that allowing Defendant to depose Mr. Verduzco would unduly burden the EEOC. The Court acknowledges that the EEOC, like many other federal government agencies, has been stretched thin in recent months as a result of the sequester and the partial government shutdown in October 2013. Nevertheless, Defendant has a right to conduct discovery. "When the government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over." *Calif. Psychiatric Transitions*, 258 F.R.D. at 398. The Court finds that the EEOC

1  will not be unduly burdened by having to prepare for and defend the deposition of

2  Mr. Verduzco. Accordingly, the EEOC's motion for a protective order is denied.

3  **IT IS HEREBY ORDERED:**

4     1. Plaintiff's Motion to Expedite (ECF No. 36) **GRANTED**.

5     2. Plaintiff's Motion for Protective Order re: Deposition of EEOC

6        Investigator (ECF No. 33) is **DENIED**.

7  The District Court Executive is hereby directed to enter this Order and

8  provide copies to counsel.

9  **DATED** December 31, 2013.

                              *Thomas O. Rice*
                              THOMAS O. RICE
                              United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 5