UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION,<br><br>Plaintiff,<br><br>MARTIN BARRERA,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>ROY FARMS, INC.,<br><br>Defendant. | NO: 12-CV-3117-TOR<br><br>CONSENT DECREE |

**1. NATURE OF THE ACTION**

1.1 This action originated when Martin Barrera filed discrimination charge number 551-2011-00165 against Defendant Roy Farms, Inc. ("Roy Farms") on December 6, 2010, with the U.S. Equal Employment Opportunity Commission (the "Commission"). Mr. Barrera alleged that Roy Farms subjected him and other male

workers to a hostile work environment based on sex through the conduct of an orchard foreman, and that he was constructively discharged by Roy Farms, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

1.2 The Commission investigated Mr. Barrera's charge and discovered the related claims of Ricardo Rios, Raymundo Guzman, Umberto Ortuno, and Rafael Iniguez, all alleging sexual harassment.

1.3 Following its investigation of Mr. Barrera's allegations, the Commission issued a Letter of Determination, finding reasonable cause to believe that Roy Farms violated Title VII by subjecting Mr. Barrera to a hostile work environment based on sex, which led to his constructive discharge. The Commission later issued an Amended Letter of Determination, finding that similarly situated male employees (Ricardo Rios, Raymundo Guzman, Jesus Mendez, Umberto Ortuno, and Rafael Iniguez) were also harassed because of their sex (male).

1.4 The Commission filed this lawsuit against Roy Farms on behalf of Mr. Barrera, Mr. Rios, Mr. Guzman, Mr. Iniguez, and Mr. Ortuno on September 28, 2012, in the United States District Court for the Eastern District of Washington, alleging sexual harassment and constructive discharge. The parties filed a stipulated motion to amend the Commission's complaint on December 17, 2013, to voluntarily

dismiss Mr. Ortuno from this action. The Court granted the motion on February 11, 2014. Mr. Barrera, Mr. Rios, Mr. Guzman, and Mr. Iniguez are collectively referenced in this Consent Decree as the "Claimants."

1.5 Mr. Barrera filed a complaint in intervention on October 13, 2012, alleging that Roy Farms violated Title VII and the Washington Law Against Discrimination.

1.6 Roy Farms denies any wrongdoing in this action.

1.7 The Commission and Roy Farms wish to resolve fully and finally all claims arising out of the EEOC's complaint and the Charge of Discrimination filed with the EEOC by Mr. Barrera.

1.8 The Commission and Roy Farms enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

1.9 This Consent Decree shall be entered only upon the Court's review, approval, and entry of separately-filed dismissal pleadings to be filed by the Plaintiff-Intervenor concurrently with the filing of this Consent Decree.

## 2. JURISDICTION AND VENUE

2.1 Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345/1367 and 42 U.S.C. § 2000e-5. The Commission and Roy Farms agree that the underlying acts are

alleged to have taken place within the jurisdiction of the United States District Court for the Eastern District of Washington.

## 3. SCOPE OF SETTLEMENT

3.1 This Consent Decree is the final and complete resolution of all claims that were made or could have been made by the Commission on behalf of the Claimants in this action against Roy Farms. Upon entry of this Consent Decree, all claims in the Commission's entire lawsuit shall be dismissed with prejudice, subject only to enforcement of this Consent Decree.

3.2 This Consent Decree is not an adjudication or finding on the merits of the matter. This Consent Decree and compliance with it shall not be construed as an admission by Roy Farms of any liability whatsoever or as an admission by Roy Farms of any violation of anyone's rights, a violation of statute, or any discrimination. Roy Farms expressly denies any wrongdoing of any kind.

3.3 This Consent Decree shall encompass and apply to all Roy Farms' employees, foremen, managers, and officers at its facilities in Eastern Washington.

## 4. MONETARY RELIEF

4.1 In settlement of all claims in the Commission's Complaint against Roy Farms, Roy Farms will provide $85,000 ("Settlement Amount") within 15 business days of the entry of this Consent Decree.

4.2 The Commission will provide Roy Farms with the name, the individual amount payable from the Settlement Amount, and the address for each Claimant for purposes of making payment under section 4.1.

4.3 Roy Farms will mail a copy of any check made payable to the Claimants to the following address at the same time that payment is issued to any payee:

Jamal Whitehead
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104

## 5. INJUNCTIVE & OTHER RELIEF

5.1 **General Provisions**. Roy Farms, its officers, managers, and foremen shall not engage in practices that constitute discrimination in violation of Title VII based on an employee or applicant's sex. In recognition of its continuing obligations under Title VII, Roy Farms will ensure that the following policies and practices remain in effect at all of its facilities in Eastern Washington for the duration of this Consent Decree.

5.2 **Anti-Discrimination, Harassment, and Retaliation Policies**. Within sixty (60) days of entry of the Consent Decree, Roy Farms will review and, if necessary, revise and/or modify its anti-discrimination, harassment, and retaliation policies applicable to all

Roy Farms facilities in Eastern Washington to ensure that such policies include the following elements:

(A) Clear definitions of prohibited discriminatory harassment and retaliation, with specific reference to harassment based on sex;

(B) Clear examples to supplement the definitions of harassment based on sex and retaliation for engaging in protected EEO activity, including examples involving same-sex sexual harassment;

(C) Discipline up to and including termination for incidents of discriminatory harassment, retaliation and the failure of managers and, foremen to report harassment and retaliation of which they have knowledge;

(D) Complaints of harassment or retaliation may be made orally or in writing;

(E) Roy Farms will conduct a prompt and thorough investigation after a complaint is made or received, and , where appropriate, take remedial action upon conclusion of an investigation; and

(F) Roy Farms will advise complaining parties when the matter has been resolved, including whether remedial action, has been taken.

5.3 **Language used in policies.** Roy Farms shall ensure that all of its EEO policies and procedures, including those specifically referenced

in this Consent Decree, are written in English and Spanish, or any other language principally used in the workplace, and are available to all employees.

5.4 **Disseminating policies.** Roy Farms will disseminate any new or revised anti-discrimination, harassment, and retaliation policies as described above by (a) distributing the new policies to its existing workforce within thirty (30) days of the policy's adoption; and (b) providing a copy of the policies to all new employees within ten (10) days of being hired or rehired.

5.5 **Complaint Procedures.** Within sixty (60) days of entry of the Consent Decree, Roy Farms will review and, if necessary, revise and/or modify its internal complaint policies and procedures designed to encourage employees to come forward with complaints about alleged or suspected violations of its anti-discrimination, harassment, and retaliation policies. These mechanisms will continue to include avenues for making complaints to Roy Farms personnel other than the complaining employee's immediate supervisor. This policy shall state that it will protect the confidentiality of the complaining party to the extent possible. Phone numbers for all avenues for reporting are and will continue to be included in the policy as well as posted in a conspicuous place at each of Roy Farm's facilities.

(A) ***Prompt Investigations.*** Roy Farms shall ensure that its policies and procedures provide that complaint handling and disciplinary procedures regarding all complaints of discrimination, harassment, or retaliation shall be investigated and addressed promptly.

5.6 ***Managers and Foremen Monitoring Duties.*** Roy Farms will advise its managers and foremen of their duty to actively monitor their work areas to ensure employees' compliance with the company's EEO policies, and to report any incidents or complaints of discrimination, harassment, or retaliation of which they become aware to the Roy Farms employees responsible for handling such complaints. Roy Farms' discipline policy promotes supervisor accountability with respect to EEO policies and procedures.

5.7 ***Managers and Foremen Qualifications and Performance Standards.*** Roy Farms, in evaluating the performance of foremen and managers, will consider how managers and foremen handle EEO issues. Roy Farms will include "commitment to equal employment opportunity" as a criterion for qualification for manager and foreman positions to the same extent that other criteria are included.

5.8 ***Manager and Foremen Training.*** Within sixty (60) days of entry of the Consent Decree, Roy Farms will require its managers and foremen to attend a mandatory training on harassment, employment

discrimination, and retaliation for engaging in protected EEO activity. Such training will be provided in English or Spanish as needed. *These training requirements will be completed annually for the duration of this Consent Decree*. Roy Farms will maintain attendance records for such training.

5.9 Roy Farms will ensure that all training is conducted by persons knowledgeable in providing training in discrimination, harassment, and retaliation.

(A) ***Trainer & Training Materials.*** Roy Farms shall identify for the Commission any training programs discussed above in paragraph 5.8 at least 30 days before the training and shall forward the Commission information sufficient to establish the content of those programs. The Commission shall provide any comments it may have regarding Roy Farms' training program at least 14 days before the training.

5.10 **Employee Records.** Within thirty (30) days of entry of this Consent Decree, Roy Farms will certify to the Commission that the Claimants' personnel file(s) have no reference to any charge or allegation of discrimination against Roy Farms and this lawsuit. Upon request, Roy Farms will provide the Claimants with a neutral employment reference confirming the dates of employment and position(s) held.

5.11 **Reporting**. Roy Farms shall report to the Commission for a period of three (3) years, which shall run from the date on which the United States District Court for the Eastern District of Washington enters this Consent Decree. The reports must be in writing and submitted on an annual basis during the three-year reporting period, with the first of such reports being completed no later than six months after the Court enters the Consent Decree. The reports must include the following elements:

(A) ***Certifications.*** As part of each annual report, Roy Farms will certify that it has:

(1) Maintained written EEO policies and procedures and distributed copies of its EEO policies to all new and current employees, as described in paragraphs 5.2-5.4, and to all employees during the training described in paragraph 5.8;

(2) Complied with the training provisions enumerated in this Consent Decree, as provided in paragraph 5.8;

(3) Continued to promote policies and procedures to promote EEO accountability by managers and foremen, as required by paragraphs 5.6 and 5.7;

(4) Complied with all other provisions of this Consent Decree; and

(5) Confirmed that the attendance records of the training are in Roy Farms' possession.

(B) ***Copies of Documents.*** As part of each annual report, Roy Farms will attach copies of the following documents:

    (1) A copy of Roy Farms' current EEO policies and procedures;

    (2) A list identifying changes, modifications, revocations or revisions, if any, to EEO policies and procedures, concerning or affecting Roy Farms' harassment, discrimination, and retaliation policies;

    (3) A summary of all discrimination or retaliation complaints at Roy Farms, if any, by employees and the resolution of each such complaint, identifying the date of the incident, date of report, resolution and date of resolution for each complaint. Complaining and accused employees will each be assigned a number, which will be included in the list of complaints; and

    (4) A sign-in sheet or list of names and job titles of the managers and foremen who completed EEO training, as described in paragraph 5.8, and the date(s) the training was conducted;

5.12 **Posting**. Roy Farms will post the notice attached to this Consent Decree as *Exhibit A* in a clearly visible location frequented by its employees. The notice will be posted in English and Spanish and will remain posted for the duration of the Consent Decree.

## 6. SUCCESSOR LIABILITY

6.1 During the term of this Consent Decree, Roy Farms will provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Roy Farm's facilities, or other material change in corporate structure, and will simultaneously inform the Commission of the same.

## 7. DISPUTE RESOLUTION

7.1 If the Commission determines that Roy Farms has not complied with the terms of this Consent Decree, the Commission will provide written notification of the alleged breach to Roy Farms and its counsel of record. The Commission may not petition the Court for enforcement of this Consent Decree for at least thirty (30) days after notifying Roy Farms of the alleged breach. The Commission and Roy Farms shall use the 30-day period following the written notice for good faith efforts to resolve the dispute. The Commission may seek immediate enforcement, however, in situations where a 14-day delay

in enforcing the Consent Decree may cause harm to the Commission or the Claimants.

**8. NOTICE**

8.1 All notices, reports and correspondence required under this decree will be delivered to the attention of:

Jamal Whitehead
Equal Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
jamal.whitehead@eeoc.gov

Brendan V. Monahan
Stokes Lawrence Velikanje Moore & Shore
120 N. Naches Avenue
Yakima, WA 98901-2757
bvm@stokeslaw.com

**9. RETENTION OF JURISDICTION**

9.1 The United States District Court for the Eastern District of Washington will retain jurisdiction over this matter for the duration of this Consent Decree.

**10. DURATION OF CONSENT DECREE**

10.1 This Consent Decree shall be in effect for three (3) years from the date the Court enters the Consent Decree. If the Commission petitions the Court for breach of this Consent Decree, and the Court

finds Roy Farms to be in violation of the terms, of the Consent Decree, the Court may extend the duration of this Consent Decree.

## 11. PRESS RELEASE

11.1 The Commission will provide Roy Farms with 24 hours' written notice before issuing a press release regarding the resolution of this lawsuit.

## 12. EFFECTIVE DATE

12.1 The parties are not bound by any provision of this Consent Decree until it is entered by the Court.

**IT IS SO ORDERED.**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** February 27, 2014.

THOMAS O. RICE
United States District Judge

***Exhibit A***

# NOTICE TO EMPLOYEES

This notice is posted pursuant to the settlement of a lawsuit: *EEOC and Barrera. v. Roy Farms, Inc.*, 12–CV-03117–TOR (E.D. Wash.). The settlement is by "Consent Decree," meaning a court-ordered document that contains all settlement terms. By entering into the Consent Decree, Roy Farms does not admit to any wrongdoing or liability.

In accordance with the Consent Decree, Roy Farms will provide anti-discrimination training to all supervisors and management; provide its Equal Employment policies to all employees; implement policies to ensure supervisor accountability with regard to anti-discrimination practices; and report to the EEOC all complaints of sexual harassment or retaliation it receives from Roy Farms' employees for the next three (3) years.

Federal law prohibits an employer from discriminating against any individual based on the individual's sex with respect to hiring, promotion, demotion, terms and conditions of employment, and/or termination. Federal law also prohibits an employer from allowing any employee to be harassed because of sex. It is also unlawful for an employer to retaliate against those who oppose or resist harassment or discrimination or participate in investigations or legal proceedings regarding complaints of discrimination.

If you believe that you have been harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, you are encouraged to contact your supervisor or the Human Resources Manager at 509.542.3494.

Employees have the right to bring complaints of discrimination, sexual harassment, and/or retaliation to the U.S. Equal Employment Opportunity Commission, Seattle Field Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, (206) 220-6885, and 1-800-699-4000.

This notice shall remain posted in English and Spanish until February ______, 2017. This official Notice shall not be altered, defaced, covered, or obstructed by any other material.